## FREDERICK *v*. GILBERT.

Under the replication *de injuriâ* to a plea of *son assault demesne*, the defendant cannot give evidence in mitigation of damages, nor contradict the averments of aggravated injuries laid in the *narr:* he is confined to proving an excuse for the battery.

Where additional counts have been filed, the plaintiff cannot be put to his election as to which he will proceed on.

In error from the Common Pleas of Dauphin county.

The plaintiff declared for an assault and battery, averring that defendant had knocked out two of plaintiff's fore-teeth ; and that by reason of the injuries inflicted he was confined to his bed for thirty days, and disfigured for life.

Subsequently, he filed two additional counts, the first of which was the same in substance as the original *narr.*, and the second was for an assault and battery generally. The defendant pleaded *son assault demesne*, and the plaintiff replied *de injuriâ*.

On the trial, and before the plaintiff had opened his evidence, defendant required the court to compel the plaintiff to elect on which count he would proceed; which the court refused to do. The defendant then offered to prove in mitigation of damages that he had been prosecuted, convicted, and fined for the assault and battery; which the court rejected. He also offered other evidence in mitigation, and also to show that the injuries alleged in the *narr.* had not been sustained; which the court rejected.

The court (HEPBURN, P. J.) instructed the jury that the plea admitted the cause of action as set out in the *narr.*; and that if the justification failed, they had nothing to do but assess the damages.

In answer to defendant's points he further said, that the matters of aggravation and the consequential damages and injuries averred, were admitted by the pleadings.

*Fisher,* for plaintiff in error.

*Kunkle* and *McAllister,* contrâ.

July 3. BURNSIDE, J.—This action was trespass *vi et armis,* for assulting and beating the defendant in error. There were two counts in the plaintiff's declaration: first, for an assault, beating and wounding the said George in a most violent manner in his face, and on his head and breast, striking the said George in the mouth and knocking out two of his fore teeth; second, for seizing and laying hold of the plaintiff, and with great force and violence, pulled, shook, and dragged about the plaintiff, and then and there struck the plaintiff many violent blows, throwing the plaintiff with violence on the ground, by means of which he was greatly hurt and bruised, and following it up with the aggravation of great suffering, confinement, &c.

To this, Frederick, the defendant, pleaded at length and in form *son assault demesne,* and the plaintiff replied at length in form *de injuriâ sua propria absque tali causa;* and on this issue alone the jury were sworn.

The first error assigned is, that the court refused to compel the plaintiff to say on which count in the *narr.* he proceeded to trial, and in default of his doing so, refusing to continue the cause.

There is nothing in this assignment of error. The court were not bound to direct the plaintiff's counsel as required. The counts were substantially the same; the enormity of defendant's conduct was declared in both, and they were not inconsistent with each other. The court refusing to continue the cause was a matter of discretion, and so purely so, that it is not the subject of error.

The plaintiff then read his declaration and rested; and the defendant proceeded to call his witnesses to prove his plea of *son assault demesne*. The defendant, at the conclusion of his evidence, offered the indictment at November sessions, with his conviction, fine, and costs, amounting to $146.75, in mitigation of damages. If the defendant had pleaded not guilty, I think this evidence would have been admissible for the purpose for which it was offered. But under this plea of *son assault demesne* in excuse, with the general replication *de injuriâ*, &c., the burden of proof is on the defendant, who will be bound to show that the plaintiff actually committed the first assault, and also that which was therefore done on his own part, was in the necessary defence of his person. 2 Greenl. Ev. sec. 95, and cases there cited.

In regard to the replication *de injuriâ*, &c., the general rule is, that as it puts in issue only the matter alleged in the plea, nothing can be in evidence under it, which is beyond and out of the plea: 2 Greenl. Ev. sec. 96.

All the other grounds of complaint are to the charge of the court, in instructing the jury that, under the pleadings, the cause of action, as set out in the plaintiff's declaration, is confessed by the defendant, and the defence taken under the plea of justification. This was certainly correct, as all the authorities show that the burden of proof, under the plea of *son assault demesne*, lay on the defendant; and the jury were further correctly instructed, that if the defendant failed under the evidence in the case, then nothing was left but to assess the damages, having regard to the circumstances of the case, as given in evidence. Nor is there error in affirming plaintiff's points: 1 Selw. N. P. 35, n. A. We think the points were all correctly answered.

It is true that violence may be justified, where the safety of the person is actually endangered: 2 Salk. 642; Buller N. P. 18. If the battery was excessive, beyond what is necessary for self-defence, all the American authorities agree that this excess may be given in evidence, under the replication *de injuriâ;* and to this we subscribe. And this without either a special replication or a

new assignment: 2 Greenl. Ev. sec. 95, n. 5, where the authorities are collected.

With us, the only question is as to the degree and proportion of the beating, to the assault. We think the cause was properly presented to the jury, under the issue raised by the defendant.

Judgment affirmed.